UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QWEST COMMUNICATIONS
CORPORATION,

        Plaintiff,

   v.

OLYMPIC PENINSULA DEVELOPMENT
CO., LLC,

        Defendant.

CASE NO. C07-5147RJB

ORDER GRANTING MOTION
FOR ENTRY OF DEFAULT
UNDER RULE 55

    This matter comes before the Court on the plaintiff's Motion for Entry of Default Under Rule 55 (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

## I. BACKGROUND AND DISCUSSION

    On March 26, 2007, the plaintiff filed a complaint seeking a permanent injunction and alleging willful violation of RCW 19.122 and conversion. Dkt. 1. Counsel for the defendant has appeared but has not filed an answer.

    The entry of default is governed by Federal Rule 55, which provides as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Local Rule CR 55 requires that the

ORDER
Page 1

moving party provide notice to the defaulting party before moving for entry of default:

> [I]n the case of a defaulting party who has entered an appearance, the moving party must give the defaulting party written notice of the requesting party's intention to move for the entry of default at least five judicial days prior to filing its motion and must provide evidence that such notice has been given in the motion for entry of default.

Local Rule CR 55(a).

The defendant was personally served in Washington with the summons and complaint on March 30, 2007. Dkt. 5. The answer was due twenty days thereafter, but none was filed. *See* Fed. R. Civ. P. 12(a). On April 20, 2007, counsel for the plaintiff provided written notice that the plaintiff would move for entry of default. Dkt. 8-2, Exh. A at 3. On April 30, 2007, counsel for the defendant notified the plaintiff's counsel that the defendant was obtaining new counsel. Dkt. 8 at 2. The defendant having been properly informed that the plaintiff would seek entry of default and having failed to serve an answer within the time prescribed by the Federal Rules or otherwise defend in this matter, the motion for entry of default should be granted.

## II. ORDER

Therefore, it is hereby

**ORDERED** that the plaintiff's Motion for Entry of Default under Rule 55 (Dkt. 7) is **GRANTED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 8th day of May, 2007.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER
Page 2