UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QWEST COMMUNICATIONS CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OLYMPIC PENINSULA DEVELOPMENT CO., LLC,<br><br>　　　　Defendant. | CASE NO. C07-5147RJB<br><br>ORDER GRANTING MOTION TO SET ASIDE ORDER OF DEFAULT UNDER CR 60 AND DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT UNDER RULE 55 |

　　This matter comes before the Court on the plaintiff's Motion for Entry of Default Judgment Under Rule 55 (Dkt. 14) and the defendant's Motion to Set Aside Order of Default under CR 60 (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

**I. FACTUAL BACKGROUND**

　　On April 1, 2005, the Olympic Peninsula Development Co., LLC ("Olympic") acquired real property, known as the Deer Park property, in Clallam County, Washington by a Statutory Warranty Deed. The Statutory Warranty Deed is expressly subject to an easement held by Qwest Corporation ("Qwest") under Clallam County No. 640093. The purpose of the easement is the placement of communication lines underground and equipment and cabinets aboveground. The parties dispute the width of the easement. Qwest contends that the easement is twenty feet wide,

ORDER
Page 1

1 ten feet to each side of a centerline described in the easement. Dkt. 1 at 2. Olympic contends that
2 the width of the easement is unclear or inconsistent. Dkt. 17 at 4. The property was undeveloped
3 when the defendant acquired it. According to Qwest, there were market poles and signs indicating
4 the location of the easement. *Id.* at 3. The defendant has excavated the property and built a
5 building for lease to a U-haul Truck Rental Company. Dkt. 11 at 2. Qwest contends that this
6 building encroaches on the easement and that Olympic damaged Qwest cables during excavation.
7 Dkt. 1 at 4.

## II. PROCEDURAL BACKGROUND

9       On March 26, 2007, the plaintiff filed a complaint seeking a permanent injunction and
10 alleging willful violation of RCW 19.122 and conversion. Dkt. 1. On May 4, 2007, the plaintiff
11 moved for entry of default. Dkt. 7. At the time, counsel for the defendant had appeared but failed
12 to file an answer or a response to the motion. Dkt. 10 at 2. The Court granted the motion on May
13 8, 2007. Dkt. 10.

14       After the Order Granting Motion for Entry of Default (Dkt. 10) was entered, counsel for
15 Olympic filed an answer and a declaration opposing the Motion for Entry of Default. Dkt. 11;
16 Dkt. 12. Qwest then filed a Motion for Entry of Default Judgment (Dkt. 14). Olympic filed a
17 Motion to Set Aside Order of Default (Dkt. 17). Determining that the motions raise similar issues
18 and should be decided together, the Court re-noted the plaintiff's motion. Dkt. 22. Both motions
19 are now ripe for review.

## III. DISCUSSION

21 **A. MOTION TO SET ASIDE ENTRY OF DEFAULT**

22       The entry of default is governed by Federal Rule 55. The Court may set aside the entry of
23 default for "good cause shown." Fed. R. Civ. P. 55(c). Three factors determine whether the good
24 cause standard is satisfied: "whether the defendant's culpable conduct led to the default; whether
25 the defendant has a meritorious defense; and whether reopening the default judgment would
26 prejudice the plaintiff." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.
27 2001). These factors are disjunctive, and the Court is free to deny the motion on the basis of one
28

or more factors. *See Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). In determining whether to set aside an entry of default, as opposed to a default judgment, courts may consider Federal Rule 60(b) but are not required to do so. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Courts have broad discretion to set aside an entry of default. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986) ("The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment."). Courts should "resolve[] all doubt in favor of setting aside the entry of default and deciding the case on its merits." *See O'Connor v. Nevada*, 27 F.3d 357, 363 (9th Cir. 1994).

**1. Defendant's Culpable Conduct**

A defendant's conduct may be deemed culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001).

In this case, Olympic's failure to appear and defend before the Court entered default was apparently due to the need to join additional parties that would create a conflict of interest for the Olympic's original counsel. Dkt. 17 at 2. On April 20, 2007, counsel for Qwest provided written notice that Qwest would move for entry of default. Dkt. 8-2, Exh. A at 3. Olympic procured substitute counsel on April 27, 2007, and Olympic's new counsel received a copy of the case file on April 30. Dkt. 17 at 2.

In the days before the Court entered Olympic's default, Olympic's original and substitute counsel did not respond to the motion for default, did not seek leave of Court to file a late answer or a late response to the motion, and otherwise failed to plead or defend in this action. In its reply, Olympic contends that "[t]he court requiring a motion to allow substitution [of counsel], rather than just a withdrawal and substitution was a contributing factor" to the defendant's delay. Dkt. 33 at 2. The defendant's Notice of Withdrawal and Substitution of Attorneys (Dkt. 13), which did not comply with Local Rule GR 2(g)(4) (Dkt. 21), was not filed until four days *after* the Motion for Entry of Default (Dkt. 7) was noted for consideration. In any event, the Court's requirement

that counsel comply with the Local Rules of the Western District of Washington does not justify a delay in filing an answer or a response to the Motion for Entry of Default.

The defendant's original and substitute counsel apparently also encountered personal difficulties during this time. Dkt. 19 at 3. Viewed as a whole, the defendant's inaction during the pendency of the Motion for Motion for Entry of Default under Rule 55 (Dkt. 7) contributed to the entry of default but does not rise to the level of culpable conduct.

**2. Meritorious Defense**

The burden of alleging a meritorious defense is "not extraordinarily heavy." *TCI Group Life Ins. Plan*, 244 F.3d at 700. The defendant must offer more than conclusory denials, however. *Franchise Holding II, LLC.*, 375 F.3d at 926. In this case, Olympic claims that it has a meritorious defense to the action "based on inconsistencies within the easement documents" and "a legal presumption of permissive use for which no prescriptive rights can be acquired." Dkt. 17 at 4-5. Olympic offers various other defenses that appear for the first time in the reply. *See* Dkt. 33 at 1-2. The Court will not consider such allegations. *See In re Sherman*, 441 F.3d 794, 810 n.20 (9th Cir. 2006).

Olympic's defense is based, in part, upon alleged inconsistencies in the recorded easement. Qwest contends that its easement measures twenty feet. The defendant's defense is apparently based, in part, upon a page of the easement listing the width of the easement as ten feet. Dkt. 17 at 3. Qwest contends that even if Olympic's reading of the easement were correct, Olympic has encroached on the easement. Dkt. 25 at 14.

Olympic's defense is also based upon the vacant lands doctrine. Dkt. 17 at 4. Qwest contends that it holds a prescriptive easement to the extent that any of Qwest's equipment falls outside of the recorded easement. Dkt. 25 at 14 n.28. Olympic contends that under the vacant lands doctrine, there is a presumption that Qwest's use was permissive, meaning that Qwest cannot establish that its use of the land was adverse, as is required of a prescriptive easement. Dkt. 17 at 4-5; *Drake v. Smersh*, 122 Wn. App. 147, 151 (2004) (listing elements required to establish a prescriptive easement, including use that is adverse to the land owner). Qwest contests

ORDER
Page 4

1 whether the vacant lands doctrine applies. Dkt. 25 at 14 n.28.

2     Olympic's motion offers no defense for Qwest's allegation that Olympic violated RCW
3 19.122 *et. seq.* Whether Olympic would ultimately prevail on its defenses is an issue not yet
4 before the Court. *See TCI Group Life Ins. Plan*, 244 F.3d at 701. Olympic has sufficiently alleged
5 a defense to justify setting aside the entry of default.

6     **3. Prejudice to the Plaintiff**

7     Qwest contends that it will suffer prejudice if the Court grants the motion because
8 "Olympic will be able to continue its cover over Qwest's Easement with Buildings, electrical lines
9 and pavement while completely ignoring this lawsuit." Dkt. 25 at 13. This allegation does not
10 demonstrate any legal prejudice that may result from the Court granting the defendant's motion.

11     **4. Conclusion**

12     Resolving all doubts in favor of setting aside the entry of default and allowing the
13 plaintiff's claims to be resolved on their merits, the Court should grant Olympic's motion and set
14 aside the entry of default.

15 **B. MOTION FOR ENTRY OF DEFAULT JUDGMENT UNDER RULE 55**

16     The defendant did not file a response to the Motion for Entry of Default Judgment under
17 Rule 55. *But see* Dkt. 18 (Declaration of Sherman Knight in Opposition to Motion for Entry of
18 Default Judgment). The Court having determined that the entry of default should be set aside, the
19 Motion for Entry of Default Judgment (Dkt. 14) should be denied.

20 **C. REQUESTS NOT MADE BY MOTION**

21     Sherman Knight filed a declaration opposing Qwest's Motion for Entry of Default
22 Judgment (Dkt. 14). Dkt. 18. This declaration is unsigned. *See id.* at 2. The declaration requests
23 that the Court consider whether to set aside the entry of default before deciding whether to enter
24 default judgment. *Id.* This request is not made by motion and is therefore not properly before the
25 Court. In addition, the request is moot because the Court re-noted Qwest's motion so that the
26 pending motions could be decided together. *See* Dkt. 22.

27     Olympic's reply on the Motion to Set Aside Order of Default indicates that Olympic will

28

1 be moving to dismiss the plaintiff's claims. Dkt. 33 at 4. The reply states, "This matter should be
2 dismissed for lack of subject matter jurisdiction." *Id.* at 3. This request is not made by motion and
3 is therefore not properly before the Court.

### IV. ORDER

Therefore, it is hereby

**ORDERED** that the plaintiff's Motion for Entry of Default Judgment Under Rule 55 (Dkt. 14) is **DENIED**, and the defendant's Motion to Set Aside Order of Default under CR 60 (Dkt. 17) is **GRANTED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of June, 2007.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge