UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QWEST COMMUNICATIONS CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>OLYMPIC PENINSULA DEVELOPMENT CO., LLC,<br><br>    Defendant. | CASE NO. C07-5147RJB<br><br>ORDER ON MOTION TO AMEND ANSWER |

This matter comes before the Court on Olympic Peninsula Development Co., LLC's ("Olympic") Motion to Amend Answer (Dkt. 35). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

## I. FACTUAL BACKGROUND

On April 1, 2005, Olympic acquired real property, known as the Deer Park property, in Clallam County, Washington by a Statutory Warranty Deed. The Statutory Warranty Deed is expressly subject to an easement held by Qwest Corporation ("Qwest") under Clallam County Recording No. 640093. The purpose of the easement is the placement of communication lines underground and equipment and cabinets aboveground. The parties dispute the width of the easement. Qwest contends that the easement is twenty feet wide, ten feet to each side of a centerline described in the easement. Dkt. 1 at 2. Olympic contends that the width of the easement is unclear or inconsistent. Dkt. 17 at 4. The property was undeveloped when the defendant

ORDER
Page 1

acquired it. The defendant has excavated the property and built a building for lease to a U-haul Truck Rental Company. Dkt. 11 at 2. Qwest contends that this building encroaches on the easement and that Olympic damaged Qwest cables during excavation. Dkt. 1 at 4.

## II. PROCEDURAL BACKGROUND

On March 26, 2007, the plaintiff filed a complaint seeking a permanent injunction and alleging willful violation of RCW 19.122 and conversion. Dkt. 1. On May 4, 2007, the plaintiff moved for entry of default. Dkt. 7. At the time, counsel for the defendant had appeared but failed to file an answer or a response to the motion. Dkt. 10 at 2. The Court granted the motion on May 8, 2007. Dkt. 10.

After the Order Granting Motion for Entry of Default (Dkt. 10) was entered, counsel for Olympic filed an answer and a declaration opposing the Motion for Entry of Default. Dkt. 11; Dkt. 12. Qwest then filed a Motion for Entry of Default Judgment (Dkt. 14). Olympic filed a Motion to Set Aside Order of Default (Dkt. 17). The Court granted the Motion to Set Aside Order of Default and denied the Motion for Entry of Default Judgment. Dkt. 36.

Olympic asserts that its review of the case revealed parties that should be added as third party defendants and therefore moves for leave to file an amended answer. Dkt. 35. Qwest has responded. Dkt. 37. Olympic did not file a reply. The Motion to Amend Answer is ripe for consideration. It is unclear whether Olympic sought written consent from Qwest to amend the answer. It is unfortunate that the parties were unwilling or unable to reach agreement, as it appears that both parties wish to amend their pleadings. *See* Dkt. 37 at 2 n.1 ("Qwest intends to move to amend its complaint. A better procedural approach would be to allow that amendment first and then have Olympic simply file its amended answer . . . .").

## III. DISCUSSION

Federal Rule 15 governs amendment of pleadings and provides as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

ORDER
Page 2

Fed. R. Civ. Pro. 15(a). While Federal Rule 15 is interpreted with "extreme liberality," leave to amend is not granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Denial of a motion to amend is proper if the amendment is sought in bad faith or would "prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *Jackson*, 902 F.2d at 1387. Undue delay alone does not justify denying leave to amend. *Bowles*, 198 F.3d at 758.

**A. JOINDER**

Federal Rule 19 governs joinder of persons and provides, in relevant part, as follows:

Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if

>  (1) in the person's absence complete relief cannot be accorded among those already parties, or
>
>  (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
>>  (i) as a practical matter impair or impede the person's ability to protect that interest or
>>
>>  (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed. R. Civ. P. 19(a).

In this case, Olympic contends that Zenovic and Associates should be joined pursuant to Federal Rule 19. Dkt. 35 at 5. Zenovic and Associates surveyed the Deer Park property, and Olympic constructed buildings in accordance with the findings of Zenovic and Associates. Dkt. 35-3 at 2. Olympic does not contend that Zenovic and Associates has interests that are impaired or impeded by this litigation or that subject current parties to inconsistent obligations. Olympic

ORDER
Page 3

does not demonstrate that complete relief cannot be accorded between the current parties absent joinder of Zenovic and Associates. Olympic has not demonstrated a basis for joining Zenovic and Associates as a defendant in this matter. Qwest's failure to name Zenovic and Associates as a defendant may impact Qwest's ability to recover. It does not follow, however, that Qwest would be unable to obtain complete relief without joining Zenovic and Associates. The Court should decline to order the joinder of Zenovic and Associates.

Olympic also contends that joinder of Consolidated Builders is proper because "Consolidated Builders is the construction company (excavator) that digging [sic] the trench to install utilities when it struck the buried conduit owned by Qwest." Dkt. 35 at 6. Again, Olympic does not contend that Consolidated Builders has interests that are impaired or impeded by this litigation or that subject current parties to inconsistent obligations. Similarly, Olympic does not demonstrate that complete relief cannot be accorded absent joinder of Consolidated Builders. Olympic's contentions about the role of Consolidated Builders in the damage allegedly caused to Qwest's property interests speaks to the merits of Qwest's claims. If Olympic's assertions are true, Qwest may be unable to recover from Olympic. This possibility that Qwest's claims against Olympic may be unsuccessful does not demonstrate that joinder is proper.

The proposed amended answer contains factual allegations regarding other entities (Platte River Insurance Co. and Underwriters at Lloys of London), but Olympic's motion is silent as to these entities. The Court should therefore decline to order the joinder of Zenovic and Associates or of Consolidated Builders.

**B. THIRD PARTY PRACTICE**

Olympic's motion professes to be based solely on Federal Rules 15 and 19. *See* Dkt. 35 at 4-5. In the caption of the Motion to Amend Answer and the proposed amended answer, Olympic identifies itself as a third-party plaintiff and several parties as third-party defendants. *See* Dkt. 35 at 1; Dkt. 35-2 at 1. The proposed amended answer contains a section entitled, "Third Party Complaint." Dkt. 35-2 at 7.

A defendant may, as a third-party plaintiff, bring in a third-party defendant in accordance

with Federal Rule 14, which provides as follows:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

Fed. R. Civ. P. 14(a). Olympic has not sought leave to serve a summons and third-party complaint on any third-party defendants, and the Motion to Amend Answer does not address whether leave should be granted pursuant to Federal Rule 14(a).

**C. AFFIRMATIVE DEFENSES**

Olympic's Motion to Amend Answer also seeks leave "to add affirmative defenses." Dkt. 35 at 2. The motion does not specify which affirmative answers Olympic seeks to add or why it should be allowed to do so. The proposed amended answer asserts several additional affirmative defenses:

> 3. Qwest has installed underground cables or conduits outside of the easement.
>
> 4. The easement is not exclusive.
>
> 5. An underground cable or conduit is not open, notorious and continuous. There is no prescriptive easement.
>
> 6. Qwest refers to the easement rights as "Qwest's Property." Qwest does not own any property in the instant matter. Qwest only owns a limited and restricted easement.
>
> 7. Statute of Frauds.
>
> 8. Lack of jurisdiction.
>
> 9. Wrong party.

Dkt. 35-2 at 5. The response does not contest the amendment of the answer to include these affirmative answers. *See* Dkt. 37. In light of the liberal standard under Federal Rule 15, the Court should grant the motion with respect to these additional affirmative defenses.

**D. COUNTERCLAIMS**

The answer does not contain any counterclaims, and the proposed amended answer lists counterclaims for trespass and conversion. Dkt. 11; Dkt. 35-2 at 5-7. The motion does not seek

ORDER
Page 5

leave to add counterclaims. *See* Dkt. 35. As the plaintiff notes, Olympic's motion does not seek leave to amend the answer to assert counterclaims. Dkt. 37 at 6. It is unclear whether Qwest otherwise objects to amendment of the answer to include counterclaims. In any event, the Court should not grant leave absent a request to do so.

**E. JURISDICTION**

Jurisdictional issues are also discussed in the motion. Such issues should be the subject of an early motion in the interests of court efficiency.

<u>IV. ORDER</u>

Therefore, it is hereby

**ORDERED** that ("Olympic") Motion to Amend Answer (Dkt. 35) is **DENIED** without prejudice as to issues of joinder and counterclaim, with the exception that Olympic may file an amended answer listing the additional affirmative defenses identified in Paragraph C above. Nevertheless, it appears clear that further pleadings, probably by both parties, and, perhaps by other entities not now parties, may be appropriate. **The parties are urged to meet and confer to address the procedural issues in this case, so that the case may proceed in the most efficient manner.**

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 13th day of June, 2007.

　　　　　　　　　　　　　　　　　*Robert J. Bryan*
　　　　　　　　　　　　　　　　　Robert J. Bryan
　　　　　　　　　　　　　　　　　United States District Judge

ORDER
Page 6