UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QWEST COMMUNICATIONS
CORPORATION,

    Plaintiff,

v.

OLYMPIC PENINSULA DEVELOPMENT
CO., LLC,

    Defendant.

CASE NO. C07-5147RJB

ORDER GRANTING MOTION
TO WITHDRAW PURSUANT TO
GR 2(g)(4)(A)

This matter comes before the Court on the defendant's Motion to Withdraw Pursuant to GR 2(g)(4(A) (Dkt. 39). The Court has considered the pleadings filed in support of and in response to the motion and the remainder of the file herein.

## **I. BACKGROUND**

On March 26, 2007, the plaintiff filed a complaint seeking a permanent injunction and alleging willful violation of RCW 19.122 and conversion. Dkt. 1. On May 31, 2007, the Court granted Olympic Development Co., LLC's ("Olympic") previous attorney's motion to withdraw, noting that withdrawal was apparently necessitated by a conflict of interest and that substitute counsel had appeared. Dkt. 30 at 2.

Olympic's substitute counsel, Sherman Knight, now moves to withdraw because Olympic's insurance company will be assuming Olympic's defense. Dkt. 39-3 at 1. Counsel for

ORDER
Page 1

the plaintiff does not oppose the motion and has been in contact with the defendant's new counsel. Dkt. 40.

## II. DISCUSSION

Withdrawal of attorneys is governed by Local Rule GR (2)(g):

(A) No attorney shall withdraw an appearance in any cause, civil or criminal, except by leave of court. Leave shall be obtained by filing a motion or a stipulation for withdrawal or, if appropriate, by complying with the requirement of CrR 5(d)(2). A motion for withdrawal shall be noted in accordance with CR 7(d)(2) or CrR 12(c)(7) and shall include a certification that the motion was served on the client and opposing counsel. A stipulation for withdrawal shall also include a certification that it has been served upon the client. The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case.

(B) If the attorney for a corporation is seeking to withdraw, the attorney shall certify to the court that he or she has advised the corporation that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the corporation's claims for failure to prosecute and/or entry of default against the corporation as to any claims of other parties.

Local Rule GR(2)(g)(4).

The motion is accompanied by a certification that the motion was served on the client as required by Local Rule GR 2(g)(4)(A). *See* Dkt. 39-4. It appears that substitute counsel will soon appear on behalf of the defendant, indicating that the purposes of Local Rule GR 2(g)(4) have been satisfied. The Court should grant the motion.

## III. ORDER

Therefore, it is hereby

**ORDERED** that attorney Sherman Knight's Motion to Withdraw Pursuant to GR 2(g)(4)(A) (Dkt. 39) is **GRANTED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 21st day of June, 2007.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge